# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., | Case No. 15-10047 (KG) |
| Alleged Debtor. | |
| THE AD HOC COMMITTEE OF FIRST LIEN BANK LENDERS, | Adv. Proc. No. 15-50090 (KG) |
| Plaintiff, | **Re: Docket No. 2, 3** |
| v. | |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC. and CAESARS ENTERTAINMENT CORPORATION, | |
| Defendants. | |

**PRELIMINARY RESPONSE OF CAESARS ENTERTAINMENT OPERATING COMPANY, INC. TO MOTION OF THE AD HOC COMMITTEE OF FIRST LIEN BANK LENDERS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

The above-captioned alleged debtor and alleged defendant Caesars Entertainment Operating Company, Inc. (the "Alleged Debtor") files this preliminary response (this "Preliminary Response") to the *Motion of the Ad Hoc Committee of First Lien Bank Lenders for a Temporary Restraining Order and Preliminary Injunction* [Docket No. 2] (the "Injunction Motion"). In support of this Preliminary Response, the Alleged Debtor respectfully states as follows.

**Preliminary Response**

1.  On January 23, 2015, the Ad Hoc Committee of First Lien Bank Lenders (the "Ad Hoc Bank Committee") filed its complaint [Docket No. 1] (the "Complaint") commencing this adversary proceeding, as well as the Injunction Motion. Before filing, the Ad Hoc Bank Committee never asked the Alleged Debtor if it planned to extend the January 26, 2015 deadline (the "Consent Deadline") for holders of Credit Agreement Claims[1] to become party to the Bank RSA.[2] Had the Ad Hoc Bank Committee simply asked this question, the Alleged Debtor's answers would have been: No, it is not planning to extend the January 26, 2015 Consent Deadline. Indeed, by this Preliminary Response, the Alleged Debtor confirms that it will not extend the Bank RSA Consent Deadline beyond January 26, 2015, and therefore the Injunction Motion is moot.

2.  Additionally, the Ad Hoc Bank Committee's characterizations of the Bank RSA as an improper solicitation of votes for a plan of reorganization is simply wrong, *cf., e.g.*, 11 U.S.C. § 1125(g), although the Alleged Debtor will address the dubious merits of the Ad Hoc Bank Committee's arguments in due course. The Alleged Debtor also finds the Ad Hoc Bank Group's actions curious given that on January 21, 2015, their group issued a press release stating that holders of over 56 percent of outstanding Credit Agreement Claims had entered into a binding agreement not to support the Bank RSA—thereby preventing it from ever going

---

[1]  As used herein, "Credit Agreement Claims" means claims held pursuant to that certain Third Amended and Restated Credit Agreement, dated as of July 25, 2014 (as amended, modified, or supplemented and in effect immediately prior to the Petition Date), by and among the Alleged Debtor, as borrower; Caesars Entertainment Corporation; Credit Suisse AG, Cayman Islands Branch, as administrative and collateral agent; and the lenders that are parties thereto from time to time.

[2]  As used herein, "Bank RSA" means that certain Restructuring Support and Forbearance Agreement dated as of January 12, 2015. The Bank RSA is a separate agreement from that certain Third Amended and Restated Restructuring Support and Forbearance Agreement dated as of January 13, 2015 (the "First Lien Bond RSA").

2

effective in accordance with its terms.[3]  Further, the Ad Hoc Bank Committee waited to file the Injunction Motion until the last business day before the Consent Deadline expired—again, without even asking (or waiting one business day to see) whether the Alleged Debtor intended to extend the Consent Deadline.

3. Accordingly, in light of the Alleged Debtor's representation above that it will not extend the January 26, 2015 Consent Deadline, the relief requested by the Injunction Motion is now moot, and should be denied.

### Reservation of Rights

4. The Debtors reserve all rights to: (a) supplement or add to the legal and factual arguments raised by this Preliminary Response and to object, at a future date and on any bases whatsoever, to the assertions and relief requested in the Injunction Motion, the Complaint, and any other pleading or document that has been or may be filed in this adversary proceeding; and (b) assert any and all rights and remedies against the Ad Hoc Bank Committee and its members on account of the Injunction Motion and the Complaint.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

---

[3] Bank RSA ¶15 ("For the avoidance of doubt, this Agreement (and the obligations of all Parties hereunder) shall not become effective or enforceable against or by any of the Parties until the date that this Agreement shall have been executed by . . . Consenting Creditors holding more than 50% of the First Lien Bank Claims.").

| | |
|---|---|
| Dated: January 24, 2015<br>Wilmington, Delaware | */s/ Michael W. Yurkewicz*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:     (302) 426-1189<br>Facsimile:     (302) 426-9193<br>Email: dpacitti@klehr.com<br><br>- and -<br><br>Morton Branzburg (admitted *pro hac vice*)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone:     (215) 569-2700<br>Facsimile:     (215) 568-6603<br>Email: mbranzburg@klehr.com<br><br>- and -<br><br>James H.M. Sprayregen (*pro hac vice* pending)<br>David R. Seligman, P.C. (admitted *pro hac vice*)<br>David J. Zott, P.C. (admitted *pro hac vice*)<br>Jeffrey J. Zeiger (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone:  (312) 862-7066<br>Facsimile:  (312) 862-2200<br>Email: jsprayregen@kirkland.com<br>           david.seligman@kirkland.com<br>           david.zott@kirkland.com<br>           jeffrey.zeiger@kirkland.com<br><br>-and- |

        Paul M. Basta, P.C. (*pro hac vice* pending)
        Nicole L. Greenblatt (*pro hac vice* pending)
        **KIRKLAND & ELLIS LLP**
        601 Lexington Avenue
        New York, New York 10022
        Telephone:   (212) 446-4800
        Facsimile:    (212) 446-4900
        Email: paul.basta@kirkland.com
               nicole.greenblatt@kirkland.com

        Counsel to Caesars Entertainment Operating Company, Inc.

KE 34828130
PHIL1 4158051v.1